IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL #58, PAINTERS DISTRICT COUNCIL #58 401(K) PLAN, FINISHING TRADES INSTITUTE, LABOR MANAGEMENT COOPERATIVE INITIATIVE, SAFETY TRAINING AWARD RECOGNITION, SOUTHERN ILLINOIS DRUG FUND, PAINTERS DISTRICT COUNCIL #58 ADMINISTRATIVE DUES CHECK OFF, <br><br>        Plaintiffs, <br><br>v. <br><br>CY WUEBBELS & SONS PAINTING CONTRACTORS, L.L.C. <br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No.   16-593 ) ) ) ) ) |

## COMPLAINT

NOW COME Plaintiffs, ILLINOIS STATE PAINTERS WELFARE FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, CY WUEBBELS & SONS PAINTING CONTRACTORS, L.L.C., and allege as follows:

### COUNT I

### Delinquent Contributions/ Payroll Audit
### District Council # 58

1.    This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

3. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Venue is proper in this court because (1) Defendant's principal place of business is at 600 Rear Lebanon Ave., Belleville, Illinois 62221, which is within the jurisdiction of the judicial district; and (2) Plaintiffs' plans (expect for the Illinois State Painters Welfare Fund) are administered by the International Union of Painters and Allied Trades District Council #58 at the address of 940 California Avenue, Collinsville, Illinois, 62234, which is within the jurisdiction of the judicial district.

5. Plaintiff International Union of Painters and Allied Trades District Council #58 is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

6. Plaintiff Illinois State Painters Welfare Fund is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of agreements and declarations of trust.

7. The remaining Plaintiffs are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated; or labor organizations, labor-management committees, and/or funds established pursuant to a collective bargaining agreement

between Painters District Council No. #58 International Union of Painters and Allied Trades, AFL-CIO, CLC and certain employer associations and independent employers whose employees are covered by the collective bargaining agreement.

8. The International Union of Painters and Allied Trades District Council #58 is the collection agent for and authorized to act on behalf of the other named Plaintiffs (expect for the Illinois State Painters Welfare Fund) to collect employer contributions and other amounts owed to these Plaintiffs.

9 Plaintiff trust funds receive contributions from numerous employers, and therefore, are multiemployer plans. (*See* 29 U.S.C. §1002).

10. Plaintiffs provides retirement, health and other benefits to the employees of participating employers who pay fringe benefit contributions and dues to the Plaintiffs on behalf of their employees.

11. A copy of the pertinent provisions of the trust agreement for the Illinois State Painters Welfare Fund is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

12. A copy of the pertinent provisions of the trust agreement for Plaintiff Painters District Council 58 401(k) Trust Fund is attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

13. Cy Wuebbels & Sons Painting Contractors, L.L.C. ("Defendant") is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

14. At all relevant times, Defendant was signatory to and/or bound by a collective bargaining agreement with the International Union of Painters and Allied Trades District Council #58 (the "collective bargaining agreement").

15. A copy of the collective bargaining agreement is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

16. At all relevant times, Defendant employed individuals who are participants in the employee benefit funds administered by Plaintiffs pursuant to the collective bargaining agreement to which Defendant is a party or otherwise bound.

17. Pursuant to the collective bargaining agreement, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiffs.

18. Pursuant to the collective bargaining agreement, Defendant is bound by the provisions of the trust agreements of the Plaintiffs.

19. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiffs in accordance with the terms and conditions of the collective bargaining agreement and Plaintiffs' trust agreements.   (*See* 29 U.S.C. §1145).

20. Pursuant to the applicable trust agreements for the Plaintiffs, Plaintiffs have the right to examine the payroll books and records of the Defendant to confirm the accuracy of Defendant's reporting of hours worked and gross wages earned, and to determine whether the Defendant has paid Plaintiffs all fringe benefit contributions and work dues owed.

21. Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of January 1, 2010 through December 31, 2014, in order to determine whether Defendant was in compliance with its obligations to pay the fringe benefit contributions to the Plaintiffs as required under the collective bargaining agreement, and trust agreements.

22. The payroll examination determined that Defendant failed to pay all fringe benefit contributions that were owed to the Plaintiffs over the examination period.

23. A true and accurate copy of the examination findings is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

24. Defendant breached the provisions of the collective bargaining agreement and trust agreements by underpaying the fringe benefit contributions that were owed to the Plaintiffs.

25. The audit determined that Defendant owes the Plaintiffs delinquent contributions of $14,755.60, work dues of $4,991.97 and check offs of $212.33.

26. Plaintiff has demanded that Defendant pay Plaintiff the contributions and other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiff the contributions and other amounts owed.

27. Pursuant to applicable provisions of ERISA, the collective bargaining agreement, and the terms of the Plaintiffs' trust agreements, Defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 10% of the amount of delinquent contributions.

28. Pursuant to the terms of the collective bargaining agreement and trust agreements, the Defendant is liable for liquidated damages, interest, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiff, International Union of Painters and Allied Trades District Council #58, and against the Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., in the sum of $19,959.90, plus liquidated damages, interest, audit costs,

reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions owed by the Defendant.

  B. That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

  C. That Defendant is decreed to pay all costs attendant to these proceedings; and

  D. That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the labor agreements, the trust agreements or as is otherwise just and equitable.

## COUNT II

### Delinquent Contributions/ Payroll Audit
### Illinois State Painters Welfare Fund

  1-24. Plaintiff re-asserts and re-alleges paragraphs 1 through 24 of Count I as paragraphs 1 through 24 of Count II as if fully set forth herein.

  25. The audit determined that Defendant owes the Plaintiffs delinquent contributions of $33,547.32.

  26. Plaintiff has demanded that Defendant pay Plaintiff the contributions and other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiff all of the contributions and other amounts owed.

  27. Defendant has made some payments to Plaintiff that will be credited against amounts owed.

  28. Pursuant to applicable provisions of ERISA, the collective bargaining agreement, and the terms of the Plaintiffs' trust agreements, Defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 20% of the amount of delinquent contributions.

29. Pursuant to the terms of the collective bargaining agreement and trust agreements, the Defendant is liable for liquidated damages, interest, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

WHEREFORE, Plaintiff prays as follows:

A. That judgment is entered in favor of Plaintiff, Illinois State Painters Welfare Fund, and against the Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., in the sum of $33,547.32, plus liquidated damages, interest, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions owed by the Defendant, minus any payments that Defendant has made to Plaintiffs toward amounts due.

B. That Defendant is decreed to pay to the Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C. That Defendant is decreed to pay all costs attendant to these proceedings; and

D. That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the labor agreements, the trust agreements or as is otherwise just and equitable.

ILLINOIS STATE PAINTERS WELFARE FUND *et al.*, Plaintiffs,

By: s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702

(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com